UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| TORII BOTTOMLEY, )| |
| ) | |
| Plaintiff, )| |
| ) | |
| v. ) | Civil Action No. 1:17-cv-12107-LTS |
| ) | |
| BOSTON PUBLIC SCHOOLS, et al., )| |
| ) | |
| Defendants. )| |
| _____) | |

ORDER ON MOTION TO DISMISS (DOC. NO. 13)

October 15, 2018

SOROKIN, J.

Bottomley filed suit on October 27, 2017, Doc. No. 1, and amended her complaint on

January 29, 2018, Doc. No. 6. Boston Public Schools moved to dismiss, Doc. No. 13, which

Bottomley opposed, Doc. No. 19.

Bottomley's Amended Complaint against Boston Public Schools alleges "discrimination

and retaliation resulting in lack of accommodation of disability," "intentional infliction of

emotional injury," and "wrongful termination of older white woman in institution receiving

federal funding." Doc. No. 6 at 4. Bottomley claims that "[d]iscrimination" occurred "over a 7-

year period, affecting most of the best, highly qualified, and beloved teachers," most of whom

"suffered mental injuries requiring psychopharmac[e]uticals." Id. Protests from "teachers and

students" resulted in "no relief, only retaliation." Id. Because of the discrimination, students

"were told to go home repeatedly, because they did not have a teacher," and were "denied proper

education as grades, attendance, [and] test scores" were "falsified by admin[istrators]." Id.

Bottomley attached to her complaint as Exhibit 2 a December 20, 2017, decision by a Massachusetts Department of Industrial Accidents administrative judge in a worker's compensation claim apparently brought by Bottomley, also against Boston Public Schools. Doc. No. 6-2 at 2. In that claim, according to the administrative judge, Bottomley alleged "emotional distress resultant in a psychiatric disability as a result of stressful incidents during the course of her employment up until her exit from the workplace on February 25, 2013." Id. at 5. The administrative judge ordered Boston Public Schools to pay various workers' compensation benefits to Bottomley. Id. at 18.

Bottomley also attached to her complaint as Exhibit 4 a complaint she filed with the Massachusetts Commission Against Discrimination ("MCAD complaint"). The MCAD complaint outlines facts to support her claim that she was "discriminated against on the bases of race, age, and gender." Doc. No. 6-4 at 3. According to the MCAD complaint, Bottomley began working for Boston Public Schools in 1995 and at Boston Adult Technical Academy in 2003. Id. at 2. Sheila Azores became the school's headmaster in 2006. Id. Beginning in 2008, Bottomley began complaining to various Boston Public Schools officials about Azores' conduct toward her, including disparate treatment, negative comments to Bottomley and others, and disregard for district regulations with respect to Bottomley's position as Language Acquisition Team Coordinator. Id. The MCAD complaint alleges that these episodes culminated in February 2013 when Bottomley was dismissed from her teaching position in front of her students and placed on administrative leave. Id. According to the MCAD complaint, Bottomley requested a placement in a non-teaching position as accommodation for her post-traumatic stress disorder resulting from the dismissal, but was denied and instead placed in a classroom teaching role. Id. at 2.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). The court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff," <u>Watterson v. Page</u>, 987 F.2d 1, 3 (1st Cir. 1993), "augment[ing] those facts with facts extractable from documentation annexed to or incorporated by reference in the complaint," <u>Jorge v. Rumsfeld</u>, 404 F.3d 556, 559 (1st Cir. 2005). This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." <u>United States v. AVX Corp.</u>, 962 F.2d 108, 115 (1st Cir. 1992).

Because Bottomley is proceeding pro se, the Court reads her complaint with "an extra degree of solicitude." <u>Rodi v. Ventetuolo</u>, 941 F.2d 22, 23 (1st Cir. 1991). "Yet even a pro se plaintiff is required 'to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" <u>Adams v. Stephenson</u>, 116 F.3d 464 (1st Cir. 1997) (quoting <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 515 (1st Cir.1988)). "[I]n a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." <u>Educadores Puertorriquenos en Accion v. Hernandez</u>, 367 F.3d 61, 68 (1st Cir. 2004).

Boston Public Schools claims in its Motion to Dismiss that Bottomley's Amended Complaint does not "recite facts sufficient to 'raise a right to relief above the speculative level.'" Doc. No. 13 at 4 (quoting <u>Twombly</u>, 550 U.S. at 555). Describing the Amended Complaint as "completely bare-boned and deficient on its face," the motion also argues that the Amended

Complaint fails to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Doc. No. 13 at 4; Fed. R. Civ. P. 8(a)(2).

The Court's January 9, 2018, order, allowing Bottomley to amend her complaint, directed her that while she "may refer to exhibits previously filed with her complaint, . . . she cannot rely on the exhibits to constitute her allegations; these must be set forth in the amended complaint itself." Doc. No. 5 at 2. Bottomley's Amended Complaint itself consists only of assertions that she was wrongfully fired, discriminated and retaliated against, and emotionally injured. On its own, it therefore fails to comply sufficiently with Rule 8. However, the facts set forth in Bottomley's MCAD complaint, which is incorporated into the Amended Complaint by reference and attachment, are sufficient to make out a short and plain statement of Bottomley's claim showing an entitlement to relief. The complaint form itself directs the reader to "[s]ee: MCAD application," Doc. No. 6 at 4, while an attached cover letter summarizes the attachments to the Amended Complaint, including the "MCAD Application," Doc. No. 6-7. Accordingly, the Court views the MCAD complaint, which provides specific facts about the events and actions that are sufficient for a claim for relief, as the short and plain statement required by the Rules. Boston Public Schools' Motion to Dismiss does not address the sufficiency of the MCAD complaint as a statement of Bottomley's claim.

Finally, Boston Public Schools' Motion to Dismiss argues that some of Bottomley's claims are barred by the applicable statute of limitations. See Doc. No. 13 at 6; M.G.L. ch. 151B, § 5 ("Any complaint filed pursuant to this section must be so filed within 300 days after the alleged act of discrimination."). But it is clear that at least the events alleged in paragraphs 9-13 of the MCAD complaint, Doc. No. 6-4 at 2-3, occurred within the 300 days before Bottomley filed her MCAD complaint on November 1, 2013, and therefore plausibly allege an adverse

4

employment action.[1] Consequently, the Court does not dismiss any of Bottomley's claims on the basis that they are time-barred.

For the foregoing reasons, Boston Public Schools' Motion to Dismiss, Doc. No. 13, is DENIED without prejudice to refiling. Within 14 days of this Order, Boston Public Schools shall file either (1) an answer responsive to the claims in Bottomley's Amended Complaint, Doc. No. 6, and her MCAD complaint attached as Exhibit 4 thereto, Doc. No. 6-4, or (2) another motion to dismiss.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[1] In addition to the claims alleged in paragraphs 9-13, Bottomley's MCAD complaint also arguably alleges a hostile workplace claim. The application of the continuing violation doctrine to this claim is a fact-bound question that the Court cannot resolve on a Rule 12 motion.